IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BANKDIRECT CAPITAL FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | No. 15 C 10340 |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL PREMIUM FINANCING, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant/Counterplaintiff, | ) | |

**CORRECTED 'MEMORANDUM OPINION AND ORDER**

**A.**

Plaintiff has filed a motion contending that despite the parties' best efforts, the defendant and plaintiff are at an impasse regarding the defendant's response to various requests for production of documents and that the issues be resolved "without extensive briefing." At issue are requests 25 and 26 from BankDirect's Second Set of Production Requests and Request No. 7 from BankDirect's Third Set of Production Requests. [132]. The plaintiff's requests and the defendant's virtually identical, boilerplate objections are set forth below:

REQUEST FOR PRODUCTION NO. 25: All documents stating, discussing or mentioning deposit, use or deployment of AFP loan proceeds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25: CPFI objects to the above request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CPFI further objects to this request to the extent it seeks records protected by the attorney client privilege, the work product doctrine, or any other applicable privilege.

REQUEST FOR PRODUCTION NO. 26: All documents stating, discussing or mentioning arrangements or plans for repayment of AFP loans, or CPFI's ability to repay AFP loans.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26: CPFI objects to the above request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. CPFI further objects to this request to the extent it seeks records protected by the attorney client privilege, the work product doctrine, or any other applicable privilege.

REQUEST FOR PRODUCTION NO. 7: Resume of, or list of, key CPFI personnel, including ages, positions, compensation, length of service, education and prior experience.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7: ... CPFI further objects to this request as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the resumes of CPFI personnel, including their ages, positions, compensation, and length of service, education and prior experience have no bearing on any of the claims or defenses at issue in this litigation.[1]

**B.**

As Judge Posner has incisively observed, "protracted discovery is the bane of modern civil litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). While modern discovery is, by its very nature, intrusive and invasive, *Bond v. Utreras,* 585 F.3d 1061, 1067 (7th Cir.2009); *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir.1998); *Miller UK Ltd. v. Caterpillar, Inc.*, 2013 WL 474380, 1 (N.D.Ill.2013), it sadly has become "a monster on the loose.... Pre-trial proceedings have become more costly and important than trials themselves.'" *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986). But discovery ought not to proceed as it has evolved. *Roadway Exp.,Inc. v. Piper*, 447 U.S. 752, (1980); *Eggleston v.Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 903-904 (7th Cir. 1981).

The Federal Rules of Civil Procedure require that parties have access to all relevant information in advance of trial so that they and the trier of fact can arrive at soundly based judgments. Trial by ambush, so common before the advent of the discovery rules, was intended to be a thing of the past. To that end, case after case has held that boilerplate objections like those advanced here will not be condoned or honored. They are no better than not filing objections at all. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 -1149 (9th Cir. 2005); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir.1986);

---

[1] To the limited extent that the responses went slightly beyond these rote objections, they could easily have been resolved with a phone call. They weren't. The defendant's motion to set a discovery hearing went on to briefly explain why the materials were relevant and producible

*Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir.1982); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 295 (E.D.Pa.1980). An objection to discovery is not satisfied by the invocation of routinized boilerplate objections rather than actually showing why a discovery request is improper. *See* Rule 34(b); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015);*Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir.1996); *Fudali v. Napolitano*, 283 F.R.D. 400, 403 and n.2 (N.D. Ill. 2012); *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295(N.D.Ill.1997)(rejecting generic, non-specific, boilerplate objections); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 424 (D.Conn.2005). *Cf., Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015)*;Weeks v. Warden*, 2017 WL 3404965, at *1 (N.D. Ill. Aug. 7, 2017).

An objector's burden cannot be met by an invocation of "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome," or that it is "not reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank, No. 98–8238,* 1999 WL 1212561 (N.D.Ill.1999). Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 2017 WL 976626, at *9-10 (N.D. Iowa 2017); A. *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006), and are impermissibly vague and ambiguous; *id.; Joseph,* 677 F.2d at 992; *Cengage Learning, Inc. v. Davis Textbooks*, 2016 WL 8730729, at *2 (E.D. Cal. 2016), their use continues unabated, with the consequent institutional burdens, *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir.1996), and the

3

needless imposition of costs on the opposing party. [2]

General objections are "'tantamount to not making any objection at all.'" *RealPage, Inc. v. Enter. Risk Control, LLC*, 2017 WL 1165688, at *3 (E.D. Tex. 2017); *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, *2–3 (N.D.Cal. 2002). *See also Hernandez v. Arctic Glacier USA, Inc.*, 2017 WL 1957567, at *3 (S.D. Cal. 2017); *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). Rule 34 requires that a response to a request for production "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The party resisting discovery "must *show specifically* ... how each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)(Emphasis supplied). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1358 (11th Cir. 1997); *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 340 n. 4 (N.D.Ill.2007). Boilerplate objections will not do. *Steed v. EverHome Mortg. Co.,* 308 Fed.Appx. 364, 371 (11th Cir. 2009). *See also In re Aircrash Disaster Near Roselawn, Ind.*, 172 F.R.D. 295 (N.D.Ill.1997)(rejecting generic, non-specific, boilerplate objections); *Klein v. AIG Trading Group Inc.,* 228 F.R.D. 418, 424 (D.Conn.2005) (overruling objections that "the familiar litany that the [requests] are burdensome, oppressive or overly broad"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.,* 228 F.R.D. 426, 432 (W.D.N.Y.2005) ("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable"); *Klein v. AIG Trading Group Inc.,* 228 F.R.D. 418, 422 (D. Conn. 2005); *Athridge v. Aetna Casualty and Surety Co.,* 184 F.R.D. 181, 190–91 (D.D.C.1998)

---

[2] If the party to whom the improper objections are directed does nothing further, the objector wins and otherwise possibly legitimate discovery is stymied. Of course, that is generally the point of the exercise.

(rejecting general boilerplate objections); *Roesberg v. Johns–Mansville Corp.,* 85 F.R.D. 292, 297 (E.D.Pa.1980);*Compagni Francaise d 'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984).

As a consequence of the defendant's impermissible boilerplate objections, various documents were not produced. Defendant will provide in accordance with the accompanying minute order documents called for by the requests quoted at the outset of the opinion. I do not mean in the slightest to be unduly critical of the defendant's counsel. Unfortunately, what has occurred here is not uncommon and continues to generate needless disputes, which are but a continuing manifestation of the difficulties about which Learned Hand lamented almost three quarters of a century ago. In an address to the Bar Association of the City of New York in 1921, Hand, then a young district judge, spoke about the "atmosphere of contention over trifles, the unwillingness to concede what ought to be conceded, and to proceed to the things which matter. Courts have fallen out of repute; many of you avoid them whenever you can, and rightly. About trials hang a suspicion of trickery and a sense of a result depending upon cajolery or worse. I wish I could say that it was all unmerited. After now some dozen years of experience I must say that as a litigant I should dread a lawsuit beyond almost anything else short of sickness and death." Lectures on Legal Topics, Learned Hand, The Deficiencies Of Trials to Reach the Heart of the Matter, 105 (The MacMillan Co.1926).

Needless judicial tolerance of the rote, boilerplate answers that have been employed here will engender their continued use to the detriment of the goals sought by the discovery rules. Long and bitter experience has taught that only a refusal to accept unedifying and improperly uninformative responses to discovery requests will lessen their continued utilization and help to achieve those ends for which the discovery provisions of the Federal Rules of Civil Procedure were enacted.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 11/29/17 *nunc pro tunc* 9/12/17