**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BANKDIRECT CAPITAL FINANCE, LLC ) | | |
| ) | | |
| Plaintiff, ) | No. 15 C 10340 | |
| ) | | |
| v. ) | | |
| ) | | |
| CAPITAL PREMIUM FINANCING, INC., ) | Magistrate Judge Jeffrey Cole | |
| ) | | |
| Defendant. ) | | |

**MEMORANDUM OPINION AND ORDER**

Counsel for Capital Premium has indicated to me by letter that a long-dormant discovery dispute from December of 2017 has been uncovered, with fact discovery having closed, mercifully, on November 15th. Discovery has been difficult, to say the least, entailing extended motion practice and increasing court supervision and involvement [*See, e.g.,* Dkt. ## 130, 135, 138, 142, 167, 170, 173, 185, 207, 209, 212, 223, 224, 225, 227, 229, 231, 239, 241, 252, 254, 255, 256, 262, 263, 264, 267, 270, 271, 313, 315, 325, 326], including two pending sanctions recommendations. [Dkt. ## 229, 340].

At issue are defendant, Capital Premium's document requests nos. 28 and 29 from its second set of document requests. The requests and plaintiff's objections are as follows:

> **Request No. 28**: Documents sufficient to identify the proportion of BankDirect's revenue, loan volume, and profits that are attributable to BankDirect's relationship with Capital Premium.
>
> **BankDirect's Response to Request No. 28**: BankDirect objects to Request No. 28 as not reasonably calculated to the discovery of admissible evidence. The proportion of BankDirect's revenue, loan volume, and profits that are attributable to its relationship with CPFI are not in any way related to any claim, counterclaim, defense, or other factual dispute in this litigation. There are no provisions in the MTA or other Transaction Facility Documents which would entitle CPFI, as a borrower, to the financial information of BankDirect, its secured creditor. As such, Request No. 28

constitutes nothing more than an impermissible and harassing fishing expedition into BankDirect's non-CPFI related business.

**Request No. 29**: BankDirect's audited financial statements for the years 2010 to present.

**BankDirect's Response to Request No. 29**: BankDirect objects to Request no. 29 as not reasonably calculated to the discovery of admissible evidence. BankDirect's audited financial statements are not in any way related to any claim, counterclaim, defense, or other factual dispute in this litigation. Moreover, there are no provisions in the MTA or other Transaction Facility Documents which would entitle CPFI, as a borrower, to the audited financial statements of BankDirect, its secured creditor. As such, Request No. 28 constitutes nothing more than an impermissible and harassing fishing expedition into BankDirect's non-CPFI related business.

[Dkt. # 345, at 1-2].

It's not clear from Capital Premium's motion whether it ever attempted to comply with Local Rule 37.2 (or Fed.R.Civ.P. 37(a)(1)) and meet and confer in good faith with BankDirect regarding this dispute. There is no certification from Capital Premium – although one is required – and, it would appear from BankDirect's response that the parties have done no more than exchange emails on this matter. That, as the rule and case law make clear, is insufficient. Letters do not count. *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, 2018 WL 505089, at *2 (N.D. Ill. Jan. 22, 2018)("Local Rule 37.2 requires an in-person or telephonic meet and confer and cannot be satisfied by the exchange of emails."); *Geraci v. Andrews*, 2017 WL 1822290, at *1 (N.D. Ill. May 5, 2017) ("Local Rule 37.2 makes it plain that letters and emails don't count, and with good reason."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. July 29, 2016)("The command in the rule could not be more explicit. Emails and letters are not enough under Rule 37.2.").

That's reason enough to deny Capital Premium's motion, *see* Local Rule 37.2; but the one email the parties did exchange, dated November 21st, resolves this dispute. In it, BankDirect informed Capital Premium that is does not have audited financial statements. In other words, there are no documents responsive to Capital Premium's request no. 29. As to request no. 28, BankDirect offered to produce the ratios Capital Premium requested if Capital Premium would withdraw its motion to compel. Capital Premium declined without explanation. [Dkt. # 354-1]. That's unacceptable, even if the exchange occurred in person. The Local Rule's requirement of "good faith" is not without meaning. *Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Sec. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. Apr. 11, 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion.").

So, at long last – after a year – we learn there are no documents responsive to one request, and that BankDirect will produce documents responsive to the other request. But, apparently, Capital Premium prefers to maintain a motion to compel, take up the court's time, and waste taxpayer money rather than accept the ratios they requested. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."); *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)(the public should not be made to subsidize needless disputes); *Gunn*, 2018 WL 1737518, at *3 ("Here, the taxpayers have been made to subsidize a discovery dispute needlessly."). A court is well within its authority to fine a party for the cost of its time in situations like this. *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003)(overruled on other

grounds, *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016)); *Wallace v. Colvin*, 193 F. Supp. 3d 939, 943 (N.D. Ill. 2016); *Howard v. Alpha Home Ass'n of Greater Indianapolis (Indiana), Inc.*, 2016 WL 8671579, at *4 (S.D. Ind. June 3, 2016);

On the other hand, it is unfathomable why BankDirect did not produce the ratios responsive to request no. 28 at any point in the last 12 months. If it is willing to produce the ratios now, it is clear that its objections were no more than the garden-variety, tactical boilerplate that have been improperly affixed to discovery responses for decades. *See* Gunn, 2018 WL 1737518, at *2; *Duracell U.S. Operations, Inc. v. JRS Ventures, Inc.*, No. 17 C 3166, 2018 WL 704686, at *6 (N.D. Ill. Feb. 5, 2018)(collecting cases). The materials are relevant to Capital Premium's claim for damages resulting from BankDirect's alleged breach of the parties' Marketing Collaboration Agreement by failing to market Capital Premium's products as required. Beyond that, BankDirect's reference to a requirement that to be permissible discovery must be "reasonably calculated to lead to the discovery of admissible evidence" is mystifying. That requirement was interred in 2015, when Rule 26 was amended. Today, parties may obtain discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." The objection thus ignores the applicable Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 26(B)(1)(advisory committee notes, 2015 Amendment).

Finally, the objection that there is no provision in the MTA or other Transaction Facility Document which would entitle Capital Premium to the financial information of BankDirect borders on the absurd. Discovery in this and almost all other federal civil cases is governed by the Federal Rules of Civil Procedure. If there is some disputed provision regarding disclosure it can easily be handled under the terms of the protective order in this case.

4

Capital Premium's motion [Dkt. # 345] as to request no. 28 is denied. BankDirect is ordered to produce immediately the ratios it agreed to produce in its email of November 21st.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/29/18